# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | | |
|---|---|---|
| DEBRA RING | : | Civil Action No. 1:10-cv-179-SJD |
| | : | |
| Plaintiff, | : | Judge Susan J. Dlott |
| | : | |
| vs. | : | **DEFENDANT ROTO-ROOTER** |
| | : | **SERVICES COMPANY'S** |
| ROTO-ROOTER SERVICES COMPANY, | : | **ALTERNATIVE MOTION TO** |
| | : | **TRANSFER VENUE PURSUANT TO** |
| Defendant | : | **28 U.S.C. § 1404(a)** |

Pursuant to Federal Rule of Civil Procedure 12(b)(6), Defendant Roto-Rooter Services Company ("Defendant" or "Roto-Rooter") filed a separate motion to dismiss Plaintiff Debra Ring's ("Plaintiff") Complaint in its entirety because Plaintiff failed to adequately plead the timeliness of her claim and, alternatively, for a more definite statement. Pursuant to Federal Rule of Civil Procedure 12(b)(3) and 28 U.S.C. § 1406(a), Roto-Rooter further sought in that motion to dismiss or transfer this action because Plaintiff brought this action in an improper venue.

Now, in the alternative and pursuant to 28 U.S.C. § 1404(a), Roto-Rooter moves this Court for an Order transferring venue to the District Court for the Eastern District of Missouri, Eastern Division, for the convenience of parties and witnesses and in the interest of justice. This Motion is supported by the following memorandum in support and the Declaration of Steve Tranchilla.

Respectfully submitted,

/s/ *Gregory A. Harrison*
Gregory A. Harrison (0029814)
DINSMORE & SHOHL LLP
1900 Chemed Center
255 East Fifth Street
Cincinnati, OH 45202
513/977-8200 - Telephone
513/977-8141 - Facsimile
greg.harrison@dinslaw.com

*Trial Attorney for Defendant*
*Roto-Rooter Services Company*

Of Counsel:

Ian P. Cooper
Melanie Gurley Keeney
Daniel J. Rhoads
TUETH KEENEY COOPER
MOHAN & JACKSTADT, P.C.
34 N. Meramec, Suite 600
St. Louis, MO 63105
(314) 880-3600
(314) 880-3601 facsimile
icooper@tuethkeeney.com
mkeeney@tuethkeeney.com
drhoads@tuethkeeney.com

## MEMORANDUM IN SUPPORT

I.    **INTRODUCTION**

As set forth below, in the alternative to the relief Roto-Rooter requested in its separate motion to dismiss, the Court should transfer this case to the Eastern District of Missouri, pursuant to 28 U.S.C. § 1404(a), for the convenience of the parties and witnesses and in the interest of justice. Among other factors supporting transfer, all alleged discriminatory acts occurred in Missouri, all parties and witnesses are located in Missouri, all relevant employment records are located in Missouri, and the Missouri court has a greater interest in litigating this purported discrimination action.

II.    **STATEMENT OF RELEVANT FACTS**

    A.    **The Missouri Action.**

This matter was originally filed in the District Court for the Eastern District of Missouri in a case styled *Debra Ring v. Roto-Rooter Services Co.*, Case No. 4:10-cv-00044 (the "Missouri Action"). (*See* Missouri Action Complaint, attached as Exhibit A to Roto-Rooter's Motion to Dismiss). On February 25, 2010, the Missouri Action was assigned to a different judge for all further proceedings. (Docket of Missouri Action, attached as Exhibit B to Roto-Rooter's Motion to Dismiss.) Only five days later, Plaintiff filed a notice of voluntary dismissal. (*Id.*)

The Complaint in the Missouri Action is virtually identical to the Complaint in the present matter. In both actions, Plaintiff brought suit against Roto-Rooter alleging sexual discrimination by disparate treatment based upon the same set of alleged facts. (*See* Complaint and Missouri Action Complaint.)

However, in the Missouri Action, Plaintiff admitted that the most appropriate venue to litigate these allegations is in the Eastern District of Missouri. Plaintiff admitted that "[t]he

1

unlawful employment practices alleged herein were committed within the jurisdiction of the United States District Court for the Eastern District of Missouri, Eastern Division." (Missouri Action Complaint, ¶13.) Plaintiff further recognized that Roto-Rooter "is duly registered with and authorized by the Office of the Secretary of State of Missouri to do business in the State of Missouri," and Roto-Rooter "has a duly appointed Registered Agent in the State of Missouri." (*Id.* at ¶15.) In addition, Plaintiff averred that "Roto-Rooter operates a plumbing and sewer repair service in St. Charles County, Missouri" and that Plaintiff "is employed by Roto-Rooter, located at 3041 Elm Point Industrial Drive, St. Charles, Missouri 63301." (*Id.* at ¶17.) Plaintiff further stated that she "is a citizen and resident of St. Charles County, Missouri." (*Id.* at ¶ 14.) In other words, Plaintiff admitted that the Eastern District of Missouri is an appropriate venue for this action, and Plaintiff cannot now claim otherwise.

B.   **The Nature of The Dispute**

Days after learning of the judge assigned to the Missouri Action, Plaintiff dismissed her Complaint and later refiled it in this Court. Like in the Missouri Action, Plaintiff alleges she was employed by Roto-Rooter in November 1998 as an accounts receivable manager and is currently employed by Roto-Rooter as an office manager in St. Charles, Missouri. (Complaint, ¶¶ 14, 17.) Plaintiff alleges that Roto-Rooter demoted Plaintiff from and/or failed to promote Plaintiff to a Direct Sales Specialist position, and instead employed Mike Gunning. (*Id.* at ¶¶ 24-26, 29, 32.) Plaintiff also states that she desired promotion to a Sales Manager position, but Rick Maloney, Plaintiff's General Manager, informed her that there was not a position for her. (*Id.* at ¶ 33.)

2

### C. The Parties

Plaintiff admits that she is a citizen and resident of St. Charles County, Missouri, and has been at all times pertinent to this action. (Complaint at ¶ 14.) Plaintiff further admits she is employed by Roto-Rooter in St. Charles, Missouri. (*Id.* at ¶ 17.)

Roto-Rooter is an Iowa corporation. (Declaration of Steve Tranchilla ("Tranchilla Decl."), ¶ 4.) The allegations in Plaintiff's Complaint arise out of Plaintiff's employment with Roto-Rooter at its office located at 3041 Elm Point Industrial Drive, St. Charles, Missouri 63301. (*Id.* at ¶¶ 3, 5; Complaint ¶ 17.) As of December 2009, Roto-Rooter employs 37 individuals at its office in St. Charles, Missouri ("St. Louis North"). (Tranchilla Decl., ¶ 6.) Roto-Rooter employs 40 individuals at its office in Brentwood, Missouri ("St. Louis South"). (*Id.*)

### D. Convenience of Relevant Witnesses

In her Complaint, Plaintiff identifies several possible witnesses: (1) Sandra Findeiss; (2) Mike Gunning; and (3) Rick Maloney.

Ms. Findeiss resides in St. Peters, Missouri. (*Id.* at ¶ 7.) As alleged in the Complaint, Ms. Findeiss has filed two actions against Roto-Rooter alleging gender discrimination, both of which were filed by Plaintiff's counsel herein in the Eastern District of Missouri. (*Id.*) Ms. Findeiss is employed by Roto-Rooter at the St. Louis North Office. (*Id.*) Roto-Rooter anticipates that Ms. Findeiss will testify regarding her employment with Roto-Rooter.

Mr. Gunning is employed as a Field Training Manager for Roto-Rooter. (*Id.* at ¶ 8.) Mr. Gunning is employed at the St. Louis North Office. (*Id.*) He has been employed by Roto-Rooter since August 26, 1992, and he has worked at the St. Louis North or St. Louis South Offices since his date of hire. (*Id.*) Mr. Gunning resides in Jerseyville, Illinois. (*Id.*) Roto-Rooter anticipates

3

that Mr. Gunning will testify regarding his employment with Roto-Rooter and the facts surrounding his employment as Field Training Manager.

Mr. Maloney is Plaintiff's General Manager at the St. Louis North Office. (*Id.* at ¶ 9.) He has been employed by Roto-Rooter since April 2, 2001, and he has worked at the St. Louis North or St. Louis South Offices since his date of hire. (*Id.*) Mr. Gunning resides in St. Peters, Missouri. (*Id.*) In the last three years, since Mr. Maloney was promoted to General Manager, Mr. Maloney had ultimate responsibility for recommending promotional opportunities of employees to the West Regional Vice President, Steve Tranchilla, including but not limited to any promotional opportunities for Plaintiff. (*Id.*) All such decisions by Mr. Maloney with respect to Plaintiff were made in Missouri. (*Id.*) Roto-Rooter anticipates that Mr. Maloney will testify regarding his hiring recommendations, Plaintiff's record of employment, and any communications he had with Plaintiff regarding her employment.

In addition to the witnesses already identified by Plaintiff who are located in Missouri, Roto-Rooter anticipates testimony from several additional Roto-Rooter employees located in the St. Louis North and St. Louis South Offices. (*Id.* at ¶ 10.) These employees are likely to affirm that any hiring decision with respect to Plaintiff in the St. St. Louis North Office was not made on the basis of gender. (*Id.*)

### III.  ARGUMENT

If the Court does not dismiss or transfer this action pursuant to Federal Rule 12(b)(6), Federal Rule 12(b)(3), or 28 U.S.C. § 1406(a), the Court should transfer venue to the District Court for the Eastern District of Missouri pursuant to 28 U.S.C. § 1404(a) for the convenience of parties and witness and in the interest of justice. Section 1404(a) provides the following: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer

any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a).

Courts apply a two-part test when evaluating a motion to transfer venue pursuant to 28 U.S.C. § 1404(a). *Candela Management Group, Inc. v. The Taco Maker, Inc.*, No. 2:08-CV-1138, 2009 WL 2983074, at *6 (S.D. Ohio Sept. 11, 2009); *Jamhour v. Scottsdale Ins. Co.*, 211 F.Supp.2d 941, 945 (S.D. Ohio 2002). The first consideration is whether the action "might have been brought" in the transferee court. *Candela Management Group, Inc.*, 2009 WL 298307, at *6; 28 U.S.C. § 1404(a)). Once a court determines that the plaintiff could have filed the action in another district, a court's decision to transfer depends on the balance of convenience and justice. *Id.* Here, both prongs of the test require transfer to the district court for the Eastern District of Missouri.

### A. The Action Could Have Been Brought, And Was In Fact First Brought, In The District Court For The Eastern District Of Missouri.

The first consideration in determining whether to transfer venue is whether the action could have been brought in the transferee court. *Jamhour*, 211 F.Supp.2d at 945. Generally, an action "might have been brought" in a transferee court if:

    a. The court has jurisdiction over the subject matter of the action

    b. Venue is proper there, and

    c. The defendant is amenable to process issuing out of the transferee court.

*Id.* Specifically, Title VII's venue provision makes clear that venue is appropriate in "any judicial district in the State in which the unlawful employment practice is alleged to have been committed, in the judicial district in which the employment records relevant to such practice are maintained and administered, or in the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice." 42 U.S.C. § 2000e-5(f)(3).

5

Here, this action could have been brought, and in fact was filed originally in the Eastern District of Missouri. In the Missouri Action, Plaintiff specifically avers that the Eastern District of Missouri has subject matter jurisdiction over the action and that venue in that court is proper. (Missouri Action Complaint, ¶¶ 12-13.) Plaintiff further recognized that Roto-Rooter has a duly appointed Registered Agent in Missouri. (*Id.* at ¶ 15.) As Plaintiff admitted, all of the alleged unlawful employment practices occurred in the Eastern District of Missouri. (*Id.* at 13.). Further, as set forth above, Plaintiff's employment records are maintained in the Eastern District of Missouri and Plaintiff works and would have worked in the Eastern District of Missouri but for the alleged unlawful employment practices. (Tranchilla Decl., ¶¶ 3, 11, 12.) Therefore, not only could this action have been brought in the Eastern District of Missouri, it actually was brought in that court. It was only dismissed once Plaintiff received a new judge assignment.

**B.    The Balance Of Conveniences And Justice Requires Transfer Of Venue.**

The second consideration in determining whether to transfer venue is the balance of convenience and justice. *Candela Management Group, Inc.*, 2009 WL 298307, at *6; *Jamhour*, 211 F.Supp.2d at 945. In ruling on a motion to transfer venue, the Court need not limit itself to the three statutory factors (i.e., convenience of the parties, convenience of the witnesses, and the interests of justice). *Egrsco, LLC v. Evans Garment Restoration, LLC*, No. 2:09-CV-358, 2009 WL 3259423, at *2 (S.D. Ohio Oct. 8, 2009); *Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 878 (3d Cir. 1995). Instead, the Court should consider "all relevant factors to determine whether on balance the litigation would more conveniently proceed and the interests of justice be better served by transfer to a different forum." *Egrsco*, 2009 WL 3259423, at *2 (quoting *Jumara*, 55 F.3d at 879).

While there are no set factors that the Court must examine, courts generally examine both private and public interests. *Egrsco*, 2009 WL 3259423, at *2; *see also Moses v. Business Card Express, Inc.*, 929 F.2d 1131, 1137 (6th Cir. 1991). The private interests include: "plaintiff's forum preference as manifested in the original choice; the defendant's preference; whether the claim arose elsewhere; the convenience of the parties as indicated by their relative physical and financial condition; the convenience of the witnesses, but only to the extent that the witnesses may actually be unavailable for trial in one of the fora; and the location of books and records (similarly limited to the extent that the files could not be produced in the alternative forum)." *Id.* (quoting *Jumara*, 55 F.3d at 879-80). The public interests include: "the enforceability of the judgment; practical considerations that could make the trial easy, expeditious, or inexpensive; the relative administrative difficulty in the two fora resulting from court congestion; the local interest in deciding local controversies at home; the public policies of the fora; and the familiarity of the trial judge with the applicable state law in diversity cases." *Id.*

A balancing of all private and public factors requires transfer of this case to the Eastern District of Missouri, Eastern Division.

1.  **The Private Interest Factors Require Transfer To The District Court For The Eastern District Of Missouri.**

    a.  **Plaintiff's Forum Preference.**

Although weight is generally accorded to a plaintiff's choice of forum, the plaintiff's choice of forum receives less weight where the operative facts underlying the claim have occurred in another district. *See Kay v. National City Mortgage Co.*, 494 F. Supp.2d 845, 852 (S.D. Ohio 2007); *Bolton v. Tesoro Petroleum Corp.*, 549 F. Supp. 1312, 1314. (E.D. Pa. 1982). In addition, a Court provides less deference to a Plaintiff's choice of forum where the selection is not the Plaintiff's first choice. *See Egrsco, LLC v. Evans Garment Restoration, LLC*, No. 2:09-

7

CV-358, 2009 WL 3259423, at 5 (S.D. Ohio Oct. 8, 2009). Finally, according to this Court, a plaintiff's choice is given less consideration if the plaintiff chooses a forum that is not his residence. *Kay*, 494 F. Supp.2d at 850.

Here, Plaintiff's choice of forum in Ohio requires no deference. As Plaintiff initially recognized in the Missouri Action, the operative facts underlying the claim are all alleged to have occurred in Missouri. Moreover, Plaintiff is not a resident of Ohio and is, instead, a resident of Missouri. In addition, this Court was not even Plaintiff's first choice of forum; instead, Plaintiff's first choice was the Eastern District of Missouri, and Plaintiff only dismissed the action upon receiving the judge assignment. Therefore, this factor weighs in favor of venue in Missouri.

    **b. Defendant's Forum Preference.**

Roto-Rooter requests a transfer of venue to the Eastern District of Missouri. This matter was originally filed in the Eastern District of Missouri, and Roto-Rooter retained counsel who represented it in that venue until, upon learning of the judge assignment, Plaintiff dismissed the action. Roto-Rooter incurred significant attorneys fees through its Missouri counsel's investigation and defense of Plaintiff's claims, and Roto-Rooter would be forced to incur additional, unnecessary fees to bring a new Ohio counsel up to speed. The Roto-Rooter office that is the subject of Plaintiff's allegations is located in the Eastern District of Missouri, and any decision makers with respect to Plaintiff's employment are located in that district. Accordingly, this factor weighs in favor of venue in Missouri.

    **c. Where the Claim Arose.**

Plaintiff's claim clearly arose in Missouri. Plaintiff alleges she was employed by Roto-Rooter in November 1998 as an accounts receivable manager and is currently employed by Roto-

8

Rooter as an office manager in St. Charles, Missouri. (*Id.* at ¶¶ 14, 17.) Plaintiff alleges that she also held the title of Direct Sales Specialist, but that Roto-Rooter took the job away from Plaintiff and employed Mike Gunning, a Roto-Rooter Field Training Manager. (*Id.* at ¶¶ 24-26.) Any decision whether to promote Plaintiff would have occurred in Missouri. (*See* Tranchilla Decl., ¶¶ 3, 9.) Plaintiff also states that she desired promotion to a Sales Manager position, but Rick Maloney, Plaintiff's General Manager, informed her that there was not a position for her. (Complaint, ¶ 33.) Mr. Maloney has been employed by Roto-Rooter in Missouri since April 2, 2001. (Tranchilla Decl., ¶ 9.) Therefore, any alleged conversation with Mr. Maloney could only have taken place in Missouri. Moreover, Plaintiff admitted in the substantively identical Missouri Action Complaint that "[t]he unlawful employment practices alleged herein were committed within the jurisdiction of the United States District Court for the Eastern District of Missouri, Eastern Division." (Missouri Action Complaint, ¶ 13.) Plaintiff cannot now claim otherwise. Accordingly, this factor weighs in favor of transfer to the Eastern District of Missouri.

### d. The Convenience of the Parties.

The Eastern District of Missouri is a more convenient venue for all parties. Plaintiff admits that she is a citizen and resides of St. Charles County, Missouri, and has been at all times pertinent to this action. (Complaint, ¶ 14.) Plaintiff further admits she is employed by Roto-Rooter in St. Charles, Missouri. (*Id.* at ¶ 17.) The allegations in Plaintiff's Complaint arise out of Plaintiff's employment with Roto-Rooter at its office located at 3041 Elm Point Industrial Drive, St. Charles, Missouri 63301; thus, all relevant witnesses and records are located at that office. (Tranchilla Decl., ¶¶ 3, 5, 7-11; Complaint ¶ 17.) Therefore, this factor weighs in favor of transfer to the Eastern District of Missouri.

9

e.     **The Convenience of Witnesses**

"The convenience of witnesses is considered to be of the utmost importance: 'Probably the most important factor, and the factor most frequently mentioned, in passing on a motion to transfer under 28 U.S.C. § 1404(a), is the convenience of witnesses.'" *Kay*, 494 F. Supp.2d at 852 (*quoting* 15 Wright, Miller & Cooper, Federal Practice and Procedure, § 3851).  Indeed, transfer should be granted when it would enhance the convenience of the great bulk of the material witnesses who are located at or near the transferee district.  *See e.g. Perrywatson v. United Airlines, Inc.*, No. 1:09 CV 1957, 2010 U.S. Dist. LEXIS 7723, at * 9 (N.D. Ohio Jan. 29, 2010) (transferring a Title VII action to the Northern District of Illinois where "nearly all of the parties and witnesses involved in this action reside in the Northern District of Illinois; most, if not all, of the underlying events in this case occurred in the Northern District of Illinois; and, the documents relevant to this action are located in the Northern District of Illinois."); *Watson v. Bortz Health Care of Rose City*, No. 05-72989, 2006 WL 163528, at *4-*6 (E.D. Mich. Jan. 20, 2006)(transferring a Title VII action from the district court's Southern Division to its Northern Division because the plaintiff and the all relevant witnesses, who were employees of defendant, resided within the Northern Division, the facility where the plaintiff was employed was located in the Northern Division, and all events relevant to the litigation occurred in the Northern Division); *see also U.S. Fidelity & Guar. CO. v. Republic Drug Co., Inc.*, 800 F. Supp. 1076, 1081-82 (E.D. N.Y. 1992); *Dicken v. United States*, 862 F. Supp. 91, 93 (D. Md. 1994); *Gundle Lining Const. Corp. v. Fireman's Fund Ins. Co.*, 844 F. Supp. 1163, 1166 (S.D. Tex. 1994).

Here, the Eastern District of Missouri is a more convenient location for all witnesses.  Plaintiff identified at least four witnesses in her Complaint:  herself, Ms. Findeiss, Mr. Gunning, and Mr. Maloney.  All of these witnesses reside in or adjacent to Missouri.  Even though the

witnesses are employees of Roto-Rooter that "need not be compelled to testify, the inconvenience imposed upon them by requiring their travel from [Missouri] to Ohio weighs in favor of transferring the case to [Missouri]." *See Kay*, 494 F. Supp. at 852. In addition to the witnesses already identified by Plaintiff who are located in Missouri, Roto-Rooter anticipates testimony from several additional Roto-Rooter employees located in the St. Louis North and St. Louis South Offices. (Tranchilla Decl., ¶ 10.) These employees are likely to provide testimony on the key issue before this court and affirm that any hiring decision with respect to Plaintiff in the St. Charles, Missouri office was not made on the basis of gender. (*Id.*)

Accordingly, this factor weighs in favor of transfer to the Eastern District of Missouri.

### f. Location of Books and Records.

All relevant books and records are located in Missouri. Plaintiff's employment records are located in Missouri, as are the employment records of Ms. Findeiss, Mr. Gunning, and Mr. Maloney. (Tranchilla Decl., ¶ 11.) Accordingly, this factor weighs in favor of transfer to the Eastern District of Missouri.

## 2. The Public Interest Factors Require Transfer To The District Court For The Eastern District of Missouri.

### a. Enforceability of the Judgment.

Roto-Rooter disputes any and all liability in this matter. However, in the unlikely event a judgment is taken against Roto-Rooter, such judgment would be equally enforceable in Missouri as in Ohio. Accordingly, this factor is neutral.

### b. Practical Considerations to Make Trial Easy, Expeditious or Inexpensive.

Trial would be much easier, expeditious, and inexpensive if tried in the Eastern District of Missouri. Because all witnesses are located in or adjacent to Missouri, the parties would not

incur unnecessary witness fees for travel. Moreover, Roto-Rooter employees would not be forced to unnecessarily miss work to provide trial testimony.

### c. Relative Administrative Difficulty Resulting from Court Congestion.

The docket for the Eastern District of Missouri is less congested than the docket for the Southern District of Ohio. In the twelve month period ending March 31, 2009, the Eastern District of Missouri had hundreds less new cases filed than the Southern District of Ohio (2,383 vs. 2,606). Further, the Eastern District of Missouri had over 500 less cases pending than did the Southern District of Ohio (2,156 vs. 2,693). (http://www.uscourts.gov/caeload2009/tables/C00Mar09.pdf) (accessed April 5, 2010). Accordingly, this factor weighs in favor of the Eastern District of Missouri as a more convenient forum.

### d. Local Interest in Deciding Local Controversies at Home.

The Eastern District of Missouri has a strong interest in having this case decided in Missouri. Plaintiff is a Missouri resident who works in Missouri. (Complaint, ¶¶ 14, 17.) All of the alleged unlawful employment practices were conducted by Missouri residents. (*See* Tranchilla Decl., ¶ 9.) Thus, Missouri has an interest in protecting its citizens. *See Jamour*, 211 F. Supp.2d at 948 (recognizing a forum's "interest in protecting one of its citizens"). In contrast, Plaintiff does not allege that any unlawful employment practice or employment decision took place in Ohio. Plaintiff's sole allegation concerning Ohio is that Roto-Rooter maintains its corporate headquarters in this state. (Complaint, ¶ 16.) Accordingly, this factor weighs in favor of transfer to the Eastern District of Missouri.

e. **Public Policies of the Fora**

When determining venue, this Court has expressed a public policy against forum shopping. *See Svete v. Wunderlich*, No. 2:07-CV-156, 2009 WL 3028995, at 5 (S.D. Ohio Sept. 16, 2009); *Hall v. National City Bank*, No. 2:07-CV-168, 2007 WL 2572239, at *2 (S.D. Ohio Aug. 31, 2007). Here, Plaintiff originally filed this action in the Eastern District of Missouri and, upon the assignment of a new judge, dismissed her action. She then refiled the action in this court just over two weeks later. Plaintiff's dismissal and refiling in this Court is a transparent attempt to forum shop which should not be condoned. Accordingly, this factor weighs in favor of transfer to the Eastern District of Missouri.

f. **Familiarity of the Trial Judge with the Applicable State Law in Diversity Cases.**

Since this action arises under Title VII, a federal statute, both courts are equally familiar with the controlling law and each would be competent to adjudicate that claim. *See Kay*, 494 F.Supp.2d at 857. Therefore, this factor is neutral.

3. **A Balancing of Factors Weighs in Favor Of Transfer.**

Balancing the private and public interests, it is clear that the Eastern District of Missouri provides a much more convenient forum for the litigation of this dispute. Plaintiff's choice of forum is not entitled to deference because she is not an Ohio resident and, as Plaintiff initially recognized in the Missouri Action, the operative facts underlying the claim are all alleged to have occurred in Missouri. All alleged discriminatory acts occurred in the St. Charles, Missouri office of Roto-Rooter, and all promotional recommendations with respect to Plaintiff were made in that office. All parties and witnesses are located in or adjacent to Missouri, and all relevant employment records are located in Missouri. The Eastern District of Missouri is less congested than the Southern District of Ohio, and the Eastern District of Missouri has an interest in

litigating this discrimination action brought by its own citizen. Plaintiff's attempt to refile this action in this Court after the judge's assignment in the Eastern District of Missouri is a blatant effort to forum shop that is against the public policy of this Court and should not be condoned. After consideration of all public and private factors, not one single factor weighs in favor of retaining the action in this Court. Accordingly, pursuant to 28 U.S.C. § 1404(a), this Court should transfer this action to the Eastern District of Missouri, Eastern Division.

## IV. CONCLUSION

As set forth in Roto-Rooter's separately filed Motion to Dismiss, the Complaint should be dismissed for failure to state a claim, or the Complaint should be dismissed or transferred because Plaintiff brought the action in an improper venue. As set forth above, as an alternative to dismissal, this Court should transfer this case to the District Court for the Eastern District of Missouri, Eastern Division, for the convenience of parties and witnesses and in the interest of justice.

Respectfully submitted

/s/ *Gregory A. Harrison*
Gregory A. Harrison (0029814)
DINSMORE & SHOHL LLP
1900 Chemed Center
255 East Fifth Street
Cincinnati, OH 45202
513/977-8200 - Telephone
513/977-8141 - Facsimile
greg.harrison@dinslaw.com

*Trial Attorney for Defendant*
*Roto-Rooter Services Company*

Of Counsel:

Ian P. Cooper
Melanie Gurley Keeney
Daniel J. Rhoads
TUETH KEENEY COOPER
MOHAN & JACKSTADT, P.C.
34 N. Meramec, Suite 600
St. Louis, MO 63105
(314) 880-3600
(314) 880-3601 facsimile
icooper@tuethkeeney.com
mkeeney@tuethkeeney.com
drhoads@tuethkeeney.com

## CERTIFICATE OF SERVICE

I hereby certify that on April 14, 2010, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following:

Mark Kitrick
Kitrick, Lewis & Harris Co., L.P.A.
515 East Main Street, Suite 515
Columbus, Ohio 43215
*Attorneys for Defendant*

/s/ *Gregory A. Harrison*

1759896v1