IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| Debra Ring, | : | |
| | : | Case No. 1:10-cv-179 |
| Plaintiff, | : | |
| | : | Chief Judge Susan J. Dlott |
| v. | : | |
| | : | ORDER DENYING MOTION TO |
| Roto-Rooter Services Company, | : | DISMISS IN PART AND GRANTING |
| | : | MOTION TO FILE FIRST AMENDED |
| Defendant. | : | CLASS ACTION COMPLAINT |

This matter is before the Court on Defendant's Motion to Dismiss Pursuant to Fed. R Civ. P. 12(b)(6), 12(b)(3), and 28 U.S.C. § 1406(a) or For More Definite Statement Pursuant to Fed. R. Civ. P. 12(e) ("Motion to Dismiss") (doc. 5) and Plaintiff's Motion to File First Amended Class Action Complaint (doc. 11). Plaintiff has filed a Class Action Complaint (doc. 1) against Defendant, her employer, alleging that Defendant discriminated against her in violation of Title VII. Plaintiff also asserts class allegations of discrimination.

Defendant argues in the Motion to Dismiss that the Class Action Complaint should be dismissed on two grounds: the expiration of the statute of limitations and improper venue. This Order addresses these two pending motions only insofar as they concern the statute of limitations.[1] Defendant contends that Plaintiff failed to state a claim upon which relief can be granted because Plaintiff failed to plead facts establishing that her claims were filed within the statute of limitations. Specifically, Plaintiff failed to plead the dates upon which Defendant

---

[1] The Court will adjudicate the venue issues raised in the Motion to Dismiss and the Motion to File First Amended Class Action Complaint, along with a separate Motion to Transfer Venue (doc. 6), after holding an evidentiary hearing on the matter.

allegedly took adverse action against her.

Plaintiff purports to remedy this deficiency in her proposed First Amended Class Action Complaint. Plaintiff alleges in the proposed First Amended Complaint that in July 2008 she was passed over for the Sales Manager position and that in June 2009 she was informed by a supervisor that she was not eligible for further promotion at Roto-Rooter. Plaintiff alleges that she filed an EEOC charge of discrimination on July 7, 2009 and an amended charge on August 3, 2009, and that she received her right to sue notice on December 30, 2009. Plaintiff was required to file her EEOC charge within 300 days of the alleged unlawful employment action. *See* 42 U.S.C. § 2000e-5(e)(1).

Defendant responds that permitting the Complaint to be amended would be futile. Defendant argues that the proposed First Amended Complaint allegations do not satisfy the statute of limitations because the alleged discussion between Plaintiff and her supervisor in June 2009, the only alleged act within 300 days of the EEOC charge, does not constitute an adverse employment action. The Court disagrees. Plaintiff has stated at least a plausible claim that she suffered an adverse employment action in June 2009 insofar as she alleges facts which, if proven, a reasonable jury might conclude to be equivalent to a failure to promote. Defendant will be able to challenge the merits of whether it, in fact, took an adverse employment action against Plaintiff within the limitations period after discovery.

For the foregoing reasons, Defendant's Motion to Dismiss (doc. 5) is **DENIED IN PART** as to statute of limitations and the failure to state a claim upon which relief can be granted.  Plaintiff's Motion to File First Amended Class Action Complaint (doc. 11) is **GRANTED**.  The Court expresses no opinion in this Order as to venue or as to whether this action is appropriate for class certification.

IT IS SO ORDERED.

                                                    ___s/Susan J. Dlott_____
                                                    Chief Judge Susan J. Dlott
                                                    United States District Court